# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TAVIA WAGNER,

    Plaintiff,

v.                                           Case No: 6:17-cv-1783-Orl-40KRS

IZABELA B. SOBIK and SOBIK'S SANDWICH SHOPS, INC.,

    Defendants.
_____/

## **ORDER**

This cause is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 16), filed December 22, 2017. Plaintiff responded in opposition on January 16, 2018. (Doc. 19). With briefing complete, the matter is ripe for review.

**I.    BACKGROUND**

Plaintiff, Tavia Wagner, sues Defendants, Izabela B. Sobik ("**Ms. Sobik**") and Sobik's Sandwich Shops, Inc. ("**Sobik's**"), to vindicate her rights under Title III of the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. §§ 12181–12189. Plaintiff suffers from a "qualified disability" as defined by the ADA, relies on a wheelchair for mobility, and has limitations walking, standing, grabbing, grasping, and/or pinching. (Doc. 1, ¶ 4 ("**Complaint**")). According to the Complaint, Ms. Sobik, owns and/or leases the Subject Property, 1905 South French Avenue, Sanford, Florida 32771. (*Id.* ¶ 4). There, Sobik's transacts business as Lee's Famous Recipe Country Chicken. (*Id.* ¶ 5). Plaintiff observed several ADA violations during her September 25, 2017, visit to the Subject Property,

described in Paragraph 19 of the Complaint. (*Id.* ¶ 19).[1] The Complaint requests injunctive relief, attorneys' fees, and costs. (*Id.* at p. 9).

After learning of the alleged ADA violations, Defendants undertook to bring the Subject Property into conformance with the ADA. (Doc. 16-1, ¶¶ 6–8). After completing the necessary repairs,[2] Defendants retained David Goldfarb, "ADA Compliance Specialist," to inspect the Subject Property for continuing violations. (*Id.* ¶ 7; Doc. 16-2). Mr. Goldfarb completed his inspection on December 19, 2017, and submitted a report attesting that the Subject Property was ADA compliant. (Doc. 16-2, p. 1). Mr. Goldfarb's report specifically found that each of the ADA violations alleged in the Complaint had been corrected, and supported his findings with photographic exhibits. (*Id.* at pp. 1–8).

Defendants answered the Complaint on November 27, 2017 (Doc. 14), and moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on December 22, 2017. (Doc. 16). Defendants contend this matter is now moot, thus the Court lacks subject matter jurisdiction, because Defendants have corrected the alleged ADA violations. (*Id.*). In support, Defendants submit the affidavit of Deborah Young, Vice President of Sobik's, and Mr. Goldfarb's ADA Inspection Report. (Docs. 16-1, 16-2).

---

[1] The Complaint documents six alleged ADA violations: (a) coolers, shelves, and counters impermissibly high; (b) the premises lacked a compliant ramp; (c) the restroom door hardware was non-compliant; (d) the facility *either* lacked a handicap accessible parking space identification sign, or the sign was improperly painted; (e) the restroom mirror was installed too high; and (f) the restroom signage was deficient. (*Id.* ¶ 19).

[2] Defendants' remediation efforts include: moving the restroom grab bar; moving the handicap accessible parking space sign; obtaining compliant sink pipe insulation; lowering the service counter to a proper height; extending the handicap accessibility ramp and decreasing its slope; replacing the restroom door hardware; widening the handicap accessible parking spaces and access aisle; and installing a new restroom mirror and ADA-compliant restroom signs with braille lettering. (Doc. 16-1, ¶¶ 6, 8).

## II. DISCUSSION

Rule 12(b)(1) attacks on subject matter jurisdiction may be facial or factual. *Carmichael v. Kellogg, Brown & Root Servs.*, 572 F.3d 1271, 1279 (11th Cir. 2009). For facial attacks, the Court accepts the complaint's allegations as true. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Factual attacks, in contrast, allow a court "to consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael*, 572 F.3d at 1279.

Defendants' motion is a factual attack because it "relie[s] on extrinsic evidence and d[oes] not assert lack of subject matter jurisdiction solely on the basis of the pleadings." *See Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003).

Mootness is an important aspect of a federal court's subject matter jurisdiction. *See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000) (identifying mootness as a jurisdictional issue). "[A]n action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). Moot cases must be dismissed, *Sierra Club v. EPA*, 315 F.3d 1295, 1299 (11th Cir. 2002), because Article III requires a live case or controversy at all stages of the litigation. *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1364 (11th Cir. 2006) (per curiam).

"The doctrine of *voluntary cessation* provides an important exception to the general rule that a case is mooted by the end of the offending behavior." *Troiano v. Supervisor of Elections in Palm Beach Cty.*, 382 F.3d 1276, 1283 (11th Cir. 2004). Courts weighing mootness in voluntary cessation cases apply a stringent standard: "A case *might* become moot if subsequent events made it *absolutely clear* that the allegedly wrongful behavior

*could not reasonably be expected to recur.*" *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). Courts in this Circuit consider the following factors in deciding whether this standard is met:

> "(1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability."

*Id.* The party asserting mootness bears the burden of persuading the Court that the wrongful conduct could not be expected to recur. *Id.*

In the ADA context, however, a number of "[f]ederal courts have dismissed ADA claims as moot when the alleged violations have been remedied after the initial filing of a suit seeking injunctive relief." *Nat'l All. for Accessability, Inc. v. Walgreen Co.*, No. 3:10–CV–780, 2011 WL 5975809, at *3 (M.D. Fla. Nov. 28, 2011) (quoting *Norkunas v. Tar Heel Capital Wendy's LLC*, No. 5:09–cv–00116, 2011 WL 2940722, at *3 (W.D.N.C. July 19, 2009)) (collecting cases). "These courts have generally found that the 'alleged discrimination cannot reasonably be expected to recur because structural modifications are unlikely to be altered in the future.'" *Id.* (quoting *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 99 (D.D.C. 2007)).

Defendants assert that, because the alleged ADA violations have been corrected, Plaintiff's claims are now moot. (Doc. 16, pp. 9–12). Plaintiff maintains that her claims are not moot, in essence because Defendants' cessation was in bad faith. (Doc. 19). First, Plaintiff notes that Defendants failed to mention receiving a "Prelitigation Demand Letter" from Plaintiff's counsel in May 2017, which allegedly casts doubt on Defendants' "genuine desire" to accommodate the disabled. (*Id.* at pp. 4–5). Plaintiff's opposition memorandum

is in conflict with itself regarding whether Plaintiff agrees that the Subject Property is now ADA compliant. At one point, she notes that "SOBIK has cured any alleged violation(s)" (*Id.* at p. 3), while she later submits "Plaintiff cannot agree that the facility is in compliance until Plaintiff's expert is afforded the opportunity to inspect." (*Id.* at p. 6).[3]

The case is now moot. Because Defendants made structural modifications to correct the alleged ADA violations and bring the Subject Property into ADA compliance, the "Court is convinced that the allegedly wrongful behavior could not reasonably be expected to recur." *See Houston v. 7-Eleven, Inc.*, No. 13–60004–Civ, 2014 WL 351970, at *3 (S.D. Fla. Jan. 31, 2014). It would be absurd to think Defendants would expend additional resources to undo the structural modifications they undertook to comply with the ADA.[4]

Although the *Sheely* factors apply more easily to cases challenging policies or practices than to ADA-infringing facilities, they nonetheless support dismissal. First, the facts show that the alleged violations were apparently unintentional. (Doc. 16-1). Second,

---

[3] With respect to an inspection, Plaintiff represents that her "counsel did not want to incur more costs [by performing an inspection] if settlement could be achieved." (*Id.* at 5–6). The Court's ADA Scheduling Order (Doc. 6), entered October 20, 2017, provided: "Within 30 days from the date of service of process, Defendant shall permit Plaintiff's counsel and Plaintiff's expert reasonable access to inspect that portion of the Defendant's facility which Plaintiff claims to be non-compliant." (Doc. 6, ¶ 2). Plaintiff failed to inspect the Subject Property within the time provided. The Court assigns little weight to Plaintiff's protestations that she has not been "afforded the opportunity to inspect," as she affirmatively chose to pursue a settlement in lieu of inspecting the property as provided in the ADA Scheduling Order. (Doc. 19, pp. 5–6).

[4] Plaintiff's suspicion that Defendants might "reverse the updates and renovations" (Doc. 19, p. 5) is unfounded. *See, e.g., Walgreen Co.*, 2011 WL 5975809, at *3 ("Because Walgreens has invested substantial resources to make its store ADA-compliant, it would be unreasonable to think that Walgreens would remove the improvements or otherwise violate the ADA after the case is dismissed.").

although the repairs were made in response to this lawsuit (or threatened lawsuit), Defendants have genuinely sought to comply with the law. (*Id.*; Doc. 16-2). Finally, in moving for dismissal, Defendants do not contend that they were originally in compliance with the ADA. (Doc. 16). Defendants' voluntary compliance with the ADA has therefore mooted the case.

Moreover, Plaintiff's request for attorneys' fees and costs must be denied. "Plaintiffs have obtained no favorable ruling, and, under Title III of the ADA, Plaintiffs 'cannot . . . recover their attorney's fees for serving as a 'catalyst,' i.e., that they caused [Defendants] to implement the changes they sought.'" *See Walgreen Co.*, 2011 WL 5975809, at *4 (quoting *Am. Ass'n of People with Disabilities v. Harris*, 605 F.3d 1124, 1137 n.26 (11th Cir. 2010), *vacated on other grounds*, 647 F.3d 1093 (11th Cir. 2011)).

### III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 16) is **GRANTED**. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on May 15, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

6