UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAVIA WAGNER,

        Plaintiff,

v.                                                   Case No: 6:17-cv-1783-Orl-40KRS

IZABELA B. SOBIK and SOBIK'S
SANDWICH SHOPS, INC.,

        Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Reconsideration of Order on Defendants' Motion to Dismiss (Doc. 21), filed May 24, 2018. Defendants did not file a response, and the time for doing so has now passed. Upon review, Plaintiff's Motion for Reconsideration is due to be granted.

**I.    BACKGROUND**

On October 13, 2017, Plaintiff, Tavia Wagner, initiated this suit against Defendants, Izabela B. Sobik and Sobik's Sandwich Shops, Inc. ("**Sobik's**"), alleging violations of Title III of the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. §§ 12181 *et seq.* (Doc. 1 ("**Complaint**")). The Complaint averred that Plaintiff encountered ADA violations on a September 25, 2017, visit to premises owned and operated by Defendants—located at 1905 South French Avenue, Sanford, Florida, 32771 (the "**Subject Property**"). (*Id.* ¶¶ 4–5, 19). Upon learning of the alleged violations, Defendants undertook to bring the Subject Property into compliance with the ADA. (*See* Doc. 16-1, ¶¶ 6, 8). After making numerous modifications to the Subject Property, Defendants

retained "ADA Compliance Specialist" David Goldfarb, who inspected the property and submitted a report attesting that the ADA violations alleged in the Complaint had been remedied. (Docs. 16-1, 16-2).

Thereafter, Defendants moved to dismiss the Complaint as moot, maintaining that the alleged violations had been repaired. (Doc. 16). Plaintiff opposed the motion, but failed to offer any meaningful rebuttal to Defendants' assertions that the claims were mooted. (Doc. 19). The Court therefore granted Defendants' motion. (Doc. 20). Plaintiff now moves for reconsideration. (Doc. 21).

## II. DISCUSSION

A court may grant a motion for reconsideration on three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Moton v. Cowart*, No. 8:06-cv-2163-T-30EAJ, 2007 WL 1876036, at *1 (M.D. Fla. Feb. 20, 2007) (citations omitted). Reconsideration of a previous order is an extraordinary remedy, one that is reserved for those instances where the facts or law are so strongly convincing as to induce the court to reverse its prior decision. *Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 03-cv-2378-T-17-MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005) (citation omitted).

Plaintiff now asserts that reconsideration is appropriate because of new evidence. (Doc. 21). Namely, Plaintiff visited the Subject Property on May 22, 2018, and attests by affidavit that she encountered some of the same ADA violations named in the Complaint. (Doc. 21-1). Moreover, Plaintiff contends the Court misapprehended Plaintiff's position as to whether she agreed that the alleged ADA violations had been remedied. (Doc. 21, pp. 4–5). Plaintiff requests the Court vacate its earlier Order and grant leave to Plaintiff's

expert to inspect the Subject Property. (Doc. 21, p. 5). Accordingly, and in light of the caselaw identified by Plaintiffs, the Court's Order granting Defendants' dismissal motion is due to be vacated. *See, e.g.*, *Wagner v. Nason*, Case No. 6:17-cv-1863-Orl-31DCI, Docs. 23, 25 (M.D. Fla. 2017).

## III. CONCLUSION

Because of the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Court's Order granting Defendants' Motion to Dismiss (Doc. 20) is **VACATED**.
2. The Clerk of Court is **DIRECTED** to re-open the case.
3. Plaintiff shall have until July 18, 2018 to perform an inspection of the Subject Property and notify the Court whether she agrees that the remediation has cured all of the ADA compliance issues raised in her Complaint. If she does not agree, Plaintiff shall file an affidavit or other evidence supporting her position.

**DONE AND ORDERED** in Orlando, Florida on June 16, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3